UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL SCHNEIDER,

        Plaintiff,

    v.                                            16-CV-929
                                                    DECISION AND ORDER
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____

The plaintiff, Michael Schneider, is a prevailing party in this social security benefits action. His counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 16. The defendant does not oppose the motion. Docket Item 18.

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Schneider's counsel seeks $14,487 in fees, which is 25% of the past-due benefits Schneider was awarded and is consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery. Docket Item 16-1 at 8.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[1]  *Id.*  The $14,487 fee request is therefore granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on September 13, 2017, this Court previously awarded Schneider's counsel $4,275 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 14 and 15.  Because the fees granted above exceed the EAJA fees, Schneider's counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

---

[1] While the fee here constitutes an hourly rate of $637, Docket Item 16-1 at 7—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

**ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $14,487, Docket Item 16, is GRANTED; and it is further

ORDERED that Schneider's counsel shall refund the $4,275 in EAJA fees to Schneider within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:  July 13, 2020
        Buffalo, New York

                              */s/ Lawrence J. Vilardo*
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE